## 29258. MERCER *v*. THE STATE.

DECIDED OCTOBER 18, 1941.

*W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for the offense of an assault with intent to murder and was found guilty of unlawfully stabbing another. His motion for a new trial was overruled and that judgment is assigned as error.

A reading of the brief of evidence satisfies us that the verdict was amply authorized, and there is no merit in the general grounds of the motion. Special grounds 1 and 2 complain of two excerpts from the charge. Those two excerpts occur in that part of the charge where the law of murder and of assault with intent to murder was being given and, since the defendant was convicted of the lesser offense of stabbing, the errors, if any, in the excerpts were harmless. The other special ground complains of the following excerpt from the charge: "A reasonable doubt is just what it purports to be. It is the doubt engendered in the mind of an honest juror after having heard all of the testimony of the case. It is a doubt for which you can assign a reason." While the above definition of a reasonable doubt is subject to criticism, since such a doubt may arise from the lack of evidence or from the defendant's statement or from other causes, we do not think it requires another hearing of the case. The judge elsewhere charged correctly

on the defendant's statement, instructing the jury that they could believe it in preference to the sworn testimony. And the case was not a close one, the verdict of stabbing being amply authorized by the evidence, and we are satisfied from all the facts of the case that the defendant's cause was not prejudiced by the abbreviated charge on reasonable doubt. In *Wall* v. *State,* 153 *Ga.* 309 (6) (112 S. E. 142), the court held that the following charge was not error: "The words, reasonable doubt . . mean what they necessarily imply. They do not mean an entire absence of doubt, no doubt at all, an entire want of doubt; nor do they mean a whimsical, capricious, or fictitious doubt, but, as the words imply, a reasonable doubt."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*